# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

vs.  CR 04-052-ML

DANIEL E. DAVIDSON

**ORDER**

Before the Court is a Motion to Appoint Counsel (Doc. #61) filed by Daniel E. Davidson, *pro se*, in conjunction with his motion to vacate pursuant to 28 U.S.C. § 2255 and Rule 35 motion. Specifically, Davidson requests that "[p]revious counsel representing this defendant is requested, his knowledge of the case will help to present needed corrections before this honorable court and facts previously not known to parties involved in this case." Motion to Appoint Counsel. No hearing is required.

There is no constitutional right to counsel in collateral attacks on prisoners' convictions. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002). Section 3006A allows for the appointment of counsel when the court "determines that the interests of justice so require ...." 18 U.S.C. § 30006A(a)(2).[1] In making the discretionary determination whether "there are exceptional

---

[1] Section 3006A provides in relevant part:

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who--

...

(B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. 3006A(a)(2).

circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass. 2003)(quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)).

In terms of the merits of the case, it appears that the Court may not be able to reach the merits due to untimeliness and/or procedural default. As for the complexity of the legal issues, although Davidson has included a great deal of material, the case is, in essence, a straightforward § 2255 motion. Finally, with regard to Davidson's ability to represent himself, his pleadings are clear and comprehensible. Thus, all of the factors weigh against the appointment of counsel.

After considering the total situation, the Court concludes that Davidson has not demonstrated that this is one of the exceptional cases where counsel should be appointed. See Ellis, 313 F.3d at 653 ("Although we have indicated that, in certain circumstances, the appointment of counsel for a section 2255 petitioner might be warranted, such cases are few and far between.")(citing United States v. Mala, 7 F.3d 1058, 1063-64)(1st Cir. 1993)). Accordingly, the Motion to Appoint Counsel is DENIED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

DATE: January 30, 2013